[No. 12004. In Bank. — January 23, 1888.]

## JULIA A. BLACK, RESPONDENT, v. SAMUEL N. BLACK, APPELLANT.

CLAIM AND DELIVERY — ALLEGATION OF VALUE — FINDING. — In an action for the claim and delivery of a stated number of hogs, of which the aggregate value only is alleged in the complaint, a finding that each hog was of the value of four dollars is proper, and will be held supported by the evidence, when the only evidence of their value is that they were worth four or five dollars a head.

ID. — RETURN OF PART OF PROPERTY RECOVERED — EXECUTION FOR BALANCE. — In such an action, where a judgment is rendered in favor of the plaintiff for the return of the number of hogs sued for, or for their value at four dollars a head in case a delivery could not be had, and the sheriff returns such part only of the hogs as he is able to find, an execution for the value of the hogs not returned may be enforced against the defendant.

APPEAL from a judgment of the Superior Court of San Bernardino County, from an order refusing a new trial, and from an order refusing to enter a satisfaction of judgment.

The facts are stated in the opinion of the court.

*Hargrave & Gray*, for Appellant.

*Paris & Goodcell*, and *Harris & Allen*, for Respondent.

PATERSON, J. — Defendant appeals from the judgment and the order denying motion for a new trial, and from an order denying motion to satisfy the judgment.

Plaintiff, who is the wife of defendant, but living separate and apart from him, commenced this action May 12, 1886, to recover the possession of four hundred hogs, alleged to be her separate property, or, if delivery of possession could not be had, for two thousand dollars, the value thereof.

The court found the facts alleged in the complaint to be true; i. e., that plaintiff was the owner of the four hundred head of hogs; that they were on the Jeff Thomas

ranch, occupied by defendant; that the brands or marks were as alleged; that defendant had no right, title, or interest in the property; that it was the separate property of plaintiff; that defendant unlawfully withholds possession of the same; that plaintiff made demand, and defendant refused to deliver possession; and finally, that "the hogs are of the value of four dollars each, the whole number being of the value of sixteen hundred dollars." The judgment which followed the conclusions of law found by the court adjudged that "plaintiff have and recover of defendant the possession of four hundred hogs now on the Thomas ranch in possession of defendant [describing the brands], or in case delivery cannot be had, that plaintiff have and recover of defendant the value of said hogs, to wit, the sum of four dollars per head, or sixteen hundred dollars for the whole number, and that plaintiff have costs of the action." The sheriff, under execution, took ninety-six hogs from defendant and delivered them to plaintiff, who accepted them. The sheriff then levied the writ on personal property of appellant, and after a sale thereunder, the writ was returned partially satisfied. He reported that he had delivered to plaintiff "ninety-six hogs, valued at four dollars per head, $384; amount realized on execution sale, $426.64; total, $810.64." Upon a showing of these facts in affidavits, defendant asked the court for an order that the judgment for sixteen hundred dollars be wholly satisfied except as to the costs. The motion was denied.

It is urged by appellant that inasmuch as the allegation of the complaint and the prayer thereof were for four hundred hogs or two thousand dollars, the sheriff was bound to deliver all the hogs or none at all; that if the sheriff could not return to plaintiff all of the hogs,— four hundred head,—it was his duty to so state in his return to the writ, and proceed to levy and sell as therein directed; and that the delivery and acceptance of ninety-six hogs was a satisfaction of the judgment.

It is claimed, also, that the finding that each hog is worth four dollars is without the issues, and cannot be treated as a finding.

1. With or without an allegation as to the value of each particular hog, it was proper, we think, for the court, under the evidence, to find as it did. The only evidence of value offered was the testimony of the witness Howard, who testified without objection that "the value of the hogs was four or five dollars a head." The finding of the court is a fair inference from this evidence, i. e., that the hogs were respectively of the same value. The only specification in the bill of exceptions on this point is, that the evidence is insufficient to prove the value of the hogs to be four dollars per head.

2. There is nothing to show that the sheriff in any manner neglected to perform his duty under the judgment and execution. He did not assess the value of the ninety-six hogs. The value of each hog was fixed in the judgment. The presumption is that he took and delivered all the hogs described in the judgment that he could find. If the hogs which the sheriff refused to take from the Thomas ranch were some of those specified in the judgment, the fact was not shown to the court. Under defendant's theory of the case, if the sheriff delivers a part of the things recovered, and the judgment creditor accepts the same, the judgment debtor can enforce a satisfaction of the judgment before the sheriff can do anything further under the execution.

3. There was no error in the refusal of the court to find upon the matters alleged in the so-called "separate defense." Those matters are all included in the general issue as to ownership.

The writings referred to were read in evidence and were properly considered under the denials as to owner-ship and separate property. The court found that the hogs mentioned were the separate property of plaintiff,

and the testimony of defendant himself is sufficient to support the finding.

There is nothing to show that the hogs in controversy were those referred to in the contract or inventory. The contract made subsequent to the recordation of the inventory gives to the defendant "all other property not the separate property of Julia A. Black."

4. A demand was alleged and not denied.

Judgment and orders affirmed.

SEARLS, C. J., McFARLAND, J., THORNTON, J., SHARP-STEIN, J., and McKINSTRY, J., concurred.

TEMPLE, J., dissented.