[S. F. No. 5850. In Bank.—December 13, 1911.]

ADELE PATUREL SOHER, Petitioner, v. GEORGE H. CABANISS, as Judge of the Superior Court of the State of California, in and for the City and County of San Francisco, Respondent.

ESTABLISHMENT OF TITLE—MCENERNEY ACT—AFFIDAVIT—CHARACTER OF POSSESSION NEED NOT BE SHOWN.—In a proceeding to establish title to land under the so-called McEnerney Act, (Stats. 1906, Extra Session, p. 78), the affidavit accompanying the complaint, in which the plaintiff by section 5 of the act, is required to set forth and show certain things, among others "the character of his estate, right, title, interest or claim in, and possession of the property," need not show the "character" of the possession. All that the section requires as to possession, for the purpose of conferring jurisdiction, is that the affidavit shall show possession.

ID.—TITLE OBTAINED THROUGH SUCCESSIVE DEEDS—TITLE IN FEE—SUFFICIENT SHOWING OF OBTAINING POSSESSION.—A statement in such affidavit that the plaintiff's title was an absolute fee, derived through certain successive deeds and a decree of distribution, the respective dates and places of recordation of which were given, and that her possession had existed since their dates, shows a right of possession following the instrument of latest date, and sufficiently complies with the requirement of the act that the affidavit shall show from whom the possession was obtained.

APPLICATION for a Writ of Mandate directed to George H. Cabaniss, as Judge of the Superior Court of the State of California, in and for the City and County of San Francisco.

The facts are stated in the opinion of the court.

J. L. Kennedy, for Petitioner.

Robert H. Rowland, and Harding & Monroe, for Respondent.

MELVIN, J.—Petitioner seeks a writ of mandate to compel respondent, who is a judge of the superior court, to proceed with the trial of an action to quiet title brought under the so-called "McEnerney Act." Respondent demurred to the petition, and as the question involved is purely one of law we may dispose of the whole matter by the ruling on this demurrer.

Petitioner commenced in the superior court of the city and county of San Francisco an action *in rem*, to establish her title to certain parcels of land. All the necessary steps were taken; summons was published pursuant to order of court and the cause was set for trial. Respondent refused to proceed with the hearing of the cause on the ground that the affidavit accompanying the complaint was insufficient to give the superior court jurisdiction of the action. In our examination of the questions arising out of the court's action in this regard it will be necessary to scrutinize some of the provisions of the McEnerney Act. (Stats. 1906, Extra Sess., p. 78.) Section 1 of that act provides that in case of the loss or destruction of public records by flood, fire, or earthquake, an action such as petitioner sought to inaugurate may be maintained by "any person who claims an estate of inheritance or for life in, and who is by himself or his tenant, or other person, holding under him, in the actual and peaceable possession of any real property." Section 2 prescribes the manner of commencing the action, which must be by filing a "verified complaint," containing, among other things, "a statement of the facts enumerated in section one" of the act, "a particular description of such real property and a specification of the estate, title or interest of the plaintiff therein." Section 5 provides for filing with the complaint an affidavit of the plaintiff, fully and explicitly "setting forth and showing" certain things, among them being "the character of his estate, right, title, interest or claim in, and possession of the property, during what period the same has existed and from whom obtained." Section 15 of said act is as follows: "An executor, administrator or guardian, or other person holding the possession of property in the right of another, may main-

tain, as plaintiff, and may appear and defend in the action herein provided for."

In her verified complaint plaintiff mentioned and described by metes and bounds five parcels of land in the city and county of San Francisco. Respecting three of these parcels she alleged that she was "by herself in the actual and peaceable possession of" them, and "claimed an estate of inheritance in" them. She alleged similar estate of inheritance in the other lots and averred that she was "by her tenants holding under her in the actual and peaceable possession of" them. Her affidavit contained the following statement: "That the character of her estate, right, title, interest and claim in, and possession of all those portions of the real property described in the complaint herein and therein designated 'Parcel One,' 'Parcel Two' and 'Parcel Three,' is a fee simple absolute." Respecting the first parcel the affidavit sets forth the fact that it was obtained by grant, bargain, and sale deed to herself and husband of equal undivided shares on April 9, 1900, followed by her husband's gift deed to her July 29, 1900. Then occurs the statement that "said estates, rights, titles, interests and claims in and possession of said property . . . has existed since the dates of said two deeds;" as to parcel two it is averred "that said estate," etc., "and possession of said property . . . has existed since the 21st day of April, A. D. 1903." This is followed by a recital that said interests and possession were obtained by a grant, bargain, and sale deed of that date from a certain named grantor, followed July 7, 1903, by deed of gift from her husband. There is a later allegation that her possession had existed since the dates of the two deeds aforesaid. Of parcel three the affidavit alleges the distribution to plaintiff of a one-fourth interest from her mother's estate on a specified date and the obtaining of the remaining interests in fee simple by certain deeds, giving the dates thereof, and contains the statement that "said estates, rights, titles, interests and claims in and possession of said real property designated 'Parcel Three' have existed since the delivery of said deed from Gustave Paturel, the dates of said two deeds from Alexis Paturel and Emile Paturel, and of said decree of distribution." Of parcels four and five the affidavit contains the statement that plaintiff obtained an undivided one-fourth interest in each from the estate of her mother by a certain

decree of distribution, giving the date, and regarding each parcel she alleges that "said estate, right, title, interest and claim in and possession of said real property . . . has existed since the said date of said decree of distribution."

Respondent contends that the affidavit in a case of this kind must contain all the facts required by section 5 of the McEnerney Act, and that plaintiff's affidavit does not comply with the statute in that it does not set forth the character of Mrs. Soher's possession of the property.

We do not think section 5 of the act requires the affidavit to show the "character" of the possession of the plaintiff. The requirement is that there shall be an affidavit filed "setting forth and showing" certain things, among which is "the character of his estate, right, title, interest, or claim in, and possession of the property." The reasonable construction of this appears to us to be that the word "character" has no reference to the word "possession," and that the only requirement as to possession is that the affidavit shall show possession. This we think is sufficiently done by the affidavit before us to answer all objections on the ground of want of jurisdiction.

It is asserted that plaintiff did not allege from whom she obtained possession. Her affidavit showed her interest in parcels one, two, and three to be fee simple absolute. Of parcels four and five she showed by her affidavit an undivided one-fourth interest in each of them derived from her mother's estate, and alleged possession from the date of the decree of distribution of March 20, 1905. Here was certainly no ambiguity. In setting forth her interest in the two first named parcels she described in each instance her deeds with their dates and the places, books, and pages of their recordation, and alleged that her possession had existed since their dates, and with reference to parcel 3 she followed the same plan, except the decree of distribution was included with the deeds in the averment of the date of her possession. At most, her failure to name the one of her grantors who actually placed her in possession and the exact date of such possession is an ambiguity which cannot be reached in this proceeding. At any rate, regarding these three parcels, she stated a title in fee which gave her the right to possession following the deed of latest date, and she averred possession from a time not later than the completion of her title in fee simple absolute. This

was a sufficient compliance with the statute, which is "designed for the benefit of the defendants in enabling them, by verifying plaintiff's claim, to prevent fraud and safeguard their rights." *Potrero Nuevo Land Co.* v. *All Persons etc.,* 158 Cal. 736, [112 Pac. 303].)

It follows that the demurrer of respondent to the petition herein should be overruled and a writ of mandate issue as prayed for, and it is so ordered.

Angellotti, J., Shaw, J., Henshaw, J., Sloss, J., and Lorigan, J., concurred.