[Civ. No. 940.   Third Appellate District.—May 27, 1912.]

M. J. HYNES, Special Administrator of Estate of FRANCES J. GRAHAM, Deceased, Respondent, v. ALL PERSONS, etc., Defendants; E. A. LEIGH, Executor, Substituted in Place of MARY S. KNOLL, Deceased, Appellant.

QUIETING TITLE AGAINST "ALL PERSONS"—AFFIDAVIT FILED WITH COMPLAINT—DESCRIPTION OF PROPERTY—REFERENCE TO COMPLAINT SUFFICIENT.—In an action to quiet title against "all persons," under the so-called "McEnerney act" (Stats. 1906, p. 78), though the affidavit filed with the complaint has reference to the property involved and might appropriately describe the same, yet it is not expressly required so to do, and any defect in the description therein may be

cured by express reference to the complaint for description, which is expressly required to contain "a particular description of such real property."

ID.—CONSTRUCTION OF ACT—REMEDIAL NATURE—LIBERAL CONSTRUCTION TO EFFECT PURPOSE—FAIR COMPLIANCE TO PROTECT DEFENDANTS.— Though the act in question is remedial in its nature, and is to be liberally construed to effect its main purpose, yet a substantial compliance with its provisions is required, and the court should insist upon a fair and full compliance with such requirements, on the part of the plaintiff, as are manifestly intended for the benefit of the defendants, in enabling them, by verifying plaintiff's claim, to prevent fraud and to safeguard their rights.

ID.—SUFFICIENCY OF AFFIDAVIT AS TO CHARACTER OF ESTATE AND POSSESSION—PROBATIVE FACTS NOT REQUIRED.—While the plaintiff is required to file an affidavit fully and explicitly setting forth and showing the "character of his estate, right, title, interest or claim and possession," it cannot reasonably be held that the affidavit must set forth every probative fact relating to affiant's title, and every probative fact showing for what period the affiant's asserted title has existed, or should minutely set forth the history of his title and its enjoyment, in order to meet the terms of the statute.

ID.—SUFFICIENCY OF AFFIDAVIT IN ALL RESPECTS—ESTATE AND POSSESSION—PERIOD OF ENJOYMENT—DERIVATION OF TITLE—PROTECTION OF DEFENDANT'S RIGHTS.—Where the affidavit sets forth plaintiff's ownership in fee simple and peaceable possession of the property described; that it was derived from the estate of her father named, deceased, and deeds from her named mother, her named sister, and her named brother; that all of said property is inclosed by fences and buildings, resided on by plaintiff, and "that the plaintiff and her grantors have been the owners in fee simple, and in the actual and peaceable possession thereof for more than twenty years last past," it sufficiently sets forth "the character of affiant's estate and possession," the "period during which she has enjoyed the estate" and also "the person and persons from whom obtained," and is sufficient "to enable the defendants to verify plaintiff's claim, and prevent fraud, and safeguard their rights."

ID.—WAIVER OF OBJECTION TO AFFIDAVIT BY DEFENDANT APPEALING— PERFORMANCE OF OFFICE—JURISDICTION NOT QUESTIONED.—Where the defendant appeared in the action and answered and tried the case, without objection to the jurisdiction of the court over the person of the defendant or over the subject matter, and the issue of ownership was submitted and decided, and the appeal is upon that issue by the defendant, the affidavit of the plaintiff had performed its office as to him, and where it is sufficient, *prima facie*, to show jurisdiction, and the evidence showed the facts which it is claimed should have been more fully stated in the affidavit, the appellant has no cause to complain of its insufficiency.

ID.—RULES OF PRACTICE UNDER McENERNEY ACT—EFFECT OF VOLUN-
TARY APPEARANCE AND TRIAL—WAIVER OF IRREGULARITY.—Under
section 12 of the McEnerney act, except as therein otherwise pro-
vided, "the provisions and rules of law relating to evidence, plead-
ing, practice, new trials and appeals applicable to other civil actions
shall apply to the actions hereby authorized," and, under these
rules, the voluntary appearance and answer of the defendant was
equivalent to personal service of the summons and copy of the com-
plaint. By such appearance he waives any mere irregularity in the
prior proceedings, nor can he avail himself of any defects in the
service of summons upon other parties.

ID.—SUFFICIENCY OF FINDINGS—EQUITABLE INTEREST CLAIMED IN CROSS-
COMPLAINT.—Findings of title in the plaintiff, and that the de-
fendant has no right, title, interest or claim in or to the property
described in the complaint, sufficiently negatives any equitable in-
terest claimed in the cross-complaint of the defendant, and as the
ultimate facts in issue are passed upon, no other finding was neces-
sary as to the interest claimed in the cross-complaint. The finding
of ownership includes the probative facts, and is good without a
finding of particular facts upon which the title or want of title
depends.

ID.—ABSENCE OF GROUND FOR REVERSAL—LIFE ESTATE TERMINATED—
DEEDS TAKEN OUT OF ESCROW AND DELIVERED TO PLAINTIFF—HOME
FOR LIFE.—Where by the terms of the will of her deceased hus-
band the defendant widow was to have only a life estate, and she
was made a trustee to convey title to the children, each of whom,
with herself, conveyed the property in controversy to the plaintiff,
the deeds of which were placed in escrow to be recorded after her
death, but, for a certain reason, they were taken out of escrow by
the widow and delivered to the plaintiff, who gave her a home for
life, and it appears that her life estate has terminated by her death
pending the appeal, it is held that no sufficient ground appears for
the reversal of the judgment based upon the findings as made.

ID.—FINDINGS NOT REQUIRED—ABSENCE OF EVIDENCE—ALLEGED FRAUD,
AND UNDUE INFLUENCE—QUESTION OF RENTS AND PROFITS.—It was
not necessary to find upon alleged fraud and undue influence of the
plaintiff in obtaining the deed from the defendant, where there
is an entire absence of proof in relation thereto, and it appears to
the contrary that the deed was delivered with defendant's consent.
Nor was it necessary to find upon the question of rents and profits
after the termination of the life estate of the defendant, there
being no evidence relative to that question.

ID.—ABSENCE OF MEMORANDUM AS TO ADVERSE CLAIMANTS—AFFIDAVIT
SHOWING CITY AS SUCH—APPEARANCE AND DISCLAIMER—CURE OF
DEFECT.—Where the affidavit showed that the city and county of
San Francisco was an adverse claimant of an interest in the prop-

erty, but no memorandum thereof was appended to the summons upon posting and publication, as required by section 4 of the McEnerney act, conceding the doubtful claim that defendant could take advantage of such defect, yet where the city and county appeared by answer and disclaimed any interest, the defect was thereby cured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

J. J. Dunne, and James Walter Scott, for Appellant.

Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

CHIPMAN, P. J.—This is an action to quiet title to certain two lots or parcels of land, in the city and county of San Francisco, under the provisions of the so-called McEnerney act. (Stats. 1906, p. 78.)

The action was commenced by Frances J. Graham and, while yet living, judgment passed in her favor. Subsequently the present plaintiff was substituted in her stead. Defendant Knoll appealed from the judgment and order denying her motion for a new trial. Subsequent to the appeal said defendant Knoll died and E. A. Leigh, the duly appointed, qualified and acting executor of her last will and testament, was substituted in her place and stead, and now prosecutes the appeal.

The complaint and affidavit were filed on July 26, 1909, and, on October 29, 1909, defendant Knoll filed a general and special demurrer which was overruled and, on November 15, 1909, she filed her answer.

The complaint appears to set forth, by proper averments, all the facts required to be stated by the McEnerney act, and we do not understand that its sufficiency is now questioned. Defendant denies the averments of the complaint "and for a further and separate and distinct ground of defense . . . and by way of cross-complaint defendant alleges: That this defendant is the owner of an estate in inheritance, to wit, an estate in fee simple absolute in and to that real property, situate, lying and being," etc. (describing parcel 2 of the

land mentioned in the complaint). She alleges that she "is the owner and seised in fee of and was at all times herein mentioned the owner and seised in fee of the above described real property and every part thereof." The answer or so-called cross-complaint was not accompanied by an affidavit as required by section 5 of the act to be filed by the plaintiff nor does it contain averments "fully and explicitly setting forth and showing the character of his (her) estate, right, title, interest or claim in and possession of the property," as is required to be stated by a plaintiff in his affidavit; it states that defendant has made no conveyance of said lot other than as explained in the cross-complaint and likewise avers no knowledge of any claim or interest adverse to defendant except as explained. Defendant's prayer is for a decree of the court "quieting the title of said defendant to said real property against said plaintiff and all persons claiming any interest in or lien upon said real property . . . and declaring said defendant to be the owner in fee simple of each and every, all and singular of said real property," and that the deed executed by defendant to plaintiff be declared void and ordering that it be canceled.

The point principally relied on by defendant is: "That the affidavit required to be filed at the time of filing the complaint, was and is fatally defective." The grounds of this contention are: 1. That the affidavit fails to identify any specific real property; 2. That it "fails to set forth and show, fully and explicitly, the derivation of the affiant's asserted title"; 3. That it fails to show in like manner "during what period the affiant's asserted title has existed." The affidavit states, among other things:

"1. That the character of plantiff's estate, right, title, interest or claim in, and possession of the real property described in the complaint in this action and herein referred to is as follows, to wit:

"That the plaintiff is the owner in fee simple absolute, and either by herself or by her tenants and agents, or persons holding under her, is in the actual and peaceable possession of all of that certain real property, situate in the city and county of San Francisco, state of California, and particularly described in the said complaint, to which reference is hereby made, and made a part of this affidavit.

"That the real property described as 'Parcel No. 1' and 'Parcel No. 2' was derived from the estate of her father, Joseph H. Cording, deceased, and from deeds from Mary S. Knoll, her mother, Alice Leigh, her sister and Frederick A. Cording, her brother.

"That all of said real property is inclosed by fences and buildings. Parcel 1 is inclosed by a fence, and parcel 2 is inclosed by fence and occupied by buildings, and is resided upon by affiant. That plaintiff and her grantors have been the owners in fee simple and in the actual and peaceable possession of the same and every part thereof for more than twenty years last past."

The objection that the particular description of the property should have appeared in the affidavit and that the omission was not cured by reference to the complaint made part of the affidavit, wherein, as well as in the summons, it was particularly described, we think without merit. The practice is quite common to make exhibits part of a complaint by reference thereto. Under the McEnerney act it is expressly provided that "the action shall be commenced by the filing of a verified complaint" (section 2) ; but "at the time of filing the complaint, the plaintiff shall file with the same his affidavit." (Section 5.) The complaint and affidavit are so closely related that we can see no reason why the reference here made to the complaint should not be held sufficient. The statute expressly requires the complaint to contain "a particular description of such real property," as also must the summons. The statute does not require the affidavit to contain a particular description of the property. It necessarily relates to the property and may properly, and perhaps should, embrace a description of it for identification. But we think this may be accomplished by reference to the complaint. The general rule is discussed in *Santa Rosa Bank* v. *Paxton*, 149 Cal. 195, [86 Pac. 193]. In *Estate of Cook*, 137 Cal. 184, 191, [69 Pac. 968, 971], the court said : "We regard the rule as well settled that a necessary allegation in a complaint or petition must be distinctly averred in the complaint or petition, and if omitted it cannot be supplied by a reference to an exhibit; but if the allegation be defective it may be aided by an express reference to an exhibit for that avowed purpose." The property is mentioned in the affidavit as situated

in the city and county of San Francisco and is several times referred to, but is not particularly described otherwise than by reference to the complaint. The defect, if any, we think was removed by such reference.

Much attention is given by appellant, in support of his testate's objections to the affidavit, to the alleged unique character of the McEnerney act, and cases which have arisen under it are cited to show that "scrupulous care should be exercised by the court when examining the sufficiency and regularity of proceedings taken under the act." And it is hence claimed that one who proceeds under a special statute, such as this is, must comply with the conditions necessary to his recovery under that statute, "and no recovery can be had unless the plaintiff alleges exactly those facts which the statute names as the basis for the right conferred." In short, though in its nature remedial, the act must be strictly construed.

On the other hand, respondent contends that, being remedial, it is to be liberally construed. Of the statute, Mr. Justice Lorigan, for the court in *Lofstad* v. *Murasky*, 152 Cal. 64, 67, [91 Pac. 1008, 1009] said: "While it is true that the act in question is of a remedial nature, and should be liberally construed so as to effect the purpose contemplated by it, the court is not warranted under the guise of liberal construction in giving to a term or phrase a different meaning than such as it is generally understood to possess"—this in discussing the meaning of the terms "actual possession" used in the act. In *Estate of Patterson*, 155 Cal. 626, 638, [132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A., N. S., 654, 102 Pac. 941], the court said of the amendment of 1907 to section 1339 of the Code of Civil Procedure, [Stats. 1907, p. 122], which relates to the proving of a will "destroyed by public calamity" and refers to the same cause which gave rise to the McEnerney act: "It is remedial in its nature, and is designed to preserve the testamentary right. . . . Such laws should be given a liberal construction to promote the purposes for which they are designed." Appellant cites with confidence *Potrero Nuevo Land Co.* v. *All Persons*, 158 Cal. 731, [112 Pac. 303]. That case was decided on a motion to dismiss for insufficiency of the affidavit which merely stated, as to the source of title: "That said title to said property

was sold and conveyed by the state of California to one John Bensley in 1855, and by him, through divers mesne conveyances, conveyed to said plaintiff, who is now the owner and holder thereof, and has been for the last ten years." Referring to the statute, the court, by Mr. Justice Henshaw, said: "A requirement of a full and explicit showing of the period during which a plaintiff has enjoyed this estate and a full and explicit showing of the person or persons from whom obtained is not met by the affidavit here presented. To say that one has owned an estate for ten years and more is not fully and explicitly showing how long in fact he has owned and enjoyed it. A statement that one acquired title by 'divers mesne conveyances from one John Bensley, to whom the state conveyed the property in 1855,' is not a full and explicit showing, description or characterization of the person 'from whom obtained.'" The opinion points out that "the provision of the statute requiring a full and complete statement of these particulars is manifestly designed for the benefit of the defendants, in enabling them, by verifying plaintiff's claim, to prevent fraud and safeguard their rights," and hence the court says, "a full and fair compliance with the provisions is a just exaction from every plaintiff." In a concurring opinion, Mr. Justice Shaw said: "I agree that the procedure prescribed in the act should be followed: closely." But how closely? With what degree of minuteness must the plaintiff set forth the history of his title and its enjoyment in order to meet the terms of the statute requiring him to file an affidavit "fully and explicitly setting forth and showing the character of his estate, right, title, interest or claim and possession"? It cannot be reasonably held that the plaintiff must set forth every probative fact relating to what appellant terms "the derivation of affiant's asserted title" and every probative fact showing for "what period the affiant's asserted title has existed," in which respects it is claimed the affidavit is defective. The purpose of a full and complete statement showing the person or persons "from whom obtained" and how long in fact the affiant "has enjoyed the property," as was said in the Potrero Nuevo case, is "for the benefit of the defendants, in enabling them, by verifying the plaintiff's claim, to prevent fraud and safeguard their own rights." A statement that meets these re-

quirements is sufficient. The affidavit here is much more explicit than the affidavit in the Potrero Nuevo case. It shows that plaintiff derived the property "from the estate of her father, Joseph H. Cording, deceased, and from deeds from Mary S. Knoll, her mother, Alice Leigh, her sister, and Frederick A. Cording, her brother"; that the property is inclosed by fences and occupied by buildings and is resided on by affiant. "That plaintiff and her grantors have been owners in fee simple and in the actual and peaceable possession of the same and every part thereof for more than twenty years last past." It seems to us that there is sufficient here to enable defendants "to verify plaintiff's claim" and "to prevent fraud and safeguard their rights." Unlike the affidavit in the case cited, it is explicit in showing from whom the estate was derived and the period during which plaintiff and her grantors named have enjoyed the estate. A still later expression by the supreme court is found in *Soher* v. *Cabaniss,* 161 Cal. 548, [119 Pac. 911], in which the Potrero Nuevo case is cited. It throws some fresh light upon the question as to the requirements of the statute in the particulars we have been noticing.

But we have this situation here. Defendant Knoll appeared and answered and went to trial, without objection, by demurrer or answer, either to the jurisdiction of the person or subject matter. The issue of ownership between the respective parties was submitted and decided and the appeal is from the judgment on that issue. So far as appellant is concerned, the affidavit has performed its office and she has no cause to complain. The evidence fully and explicitly showed the facts which appellant claims should have more fully appeared in the affidavit.

Section 12 of the McEnerney act provides: "Except as herein otherwise provided, the provisions and rules of law relating to evidence, pleading, practice, new trials, and appeals applicable to other civil actions shall apply to the actions hereby authorized." Appellant appeared voluntarily and answered, which is equivalent to personal service of the summons and copy of the complaint. (Code Civ. Proc., sec. 416.) It was said, in the Potrero Nuevo case, *supra,* as applicable here: "Defaulting defendants are not adverse parties to other defendants when there is no joint relation

alleged between them, and a judgment against each is several and independent. . . . The rules of practice relating to appeals under the McEnerney act are those applicable to other civil actions (sec. 12)." It was held in *Adams* v. *Hopkins*, 144 Cal. 30, [77 Pac. 716], that a defendant who has appeared cannot take advantage of any defect in the service or return of summons; "nor can the appellants avail themselves of defects in the service of summons on other parties." (See *In re Yoell*, 131 Cal. 581, [63 Pac. 913].) The doc-, trine of waiver of irregularities not amounting to nullities is fully discussed in *Clapp* v. *Graves*, 26 N. Y. 418. The rule stated by Coleridge, J., in *Holmes* v. *Russell*, 9 Dowl. 487, is quoted approvingly: "It is difficult, sometimes, to distinguish between an irregularity and a nullity, but I think the safest rule to determine what is an irregularity, and what is a nullity, is to see whether the party can waive the objection. If he can waive it, it amounts to an irregularity; if he cannot, it is a nullity.", What office the affidavit is intended to perform was pointed out in the Potrero Nuevo case, and we do not doubt that the filing of an affidavit in substantial compliance with the statute is jurisdictional, at least so far as it concerns defendants who do not appear. And if it be conceded that the proceedings would be a nullity as to all defendants for want of jurisdiction, whether appearing or not, where no affidavit is filed, or where the affidavit lacks the essential averments required by the statute, still we think the affidavit was sufficient in the present case to confer jurisdiction.

It is contended that the judgment should be reversed because the court failed to find upon material issues raised by the cross-complaint. Section 11 of the McEnerney act provides: "The judgment shall ascertain and determine all estates, rights, titles, interests and claims in and to said property and every part thereof, whether the same be legal or equitable, present or future, vested or contingent." The finding of the court as to plaintiff's title, set out above, is abundantly supported by the evidence and so also the finding as to defendant's title, also given above. But it is urged that there should have been a specific finding negativing defendant's equitable interest claimed in the cross-complaint and also negativing the averments of fraud and undue influence,

It appeared that title to the property in question vested in defendant Knoll, the then wife of Joseph H. Cording, deceased, and mother of plaintiff's intestate, Mrs. Graham. By the decree of distribution, the property of the said Cording was distributed in accordance with his will, half to Mrs. Knoll, then Mrs. Cording, and the remaining half to her in trust, for the support, education and benefit of the three children, of whom Mrs. Graham was one. The will provided and the decree adjudged that Mrs. Cording should ''have full and entire control and right of disposition of all and every part of said property, both real and personal, during her natural life, to sell and convey, lease, mortgage or hypothecate the same or any part thereof without an order of probate, or any other court, or any of the legal proceedings in, about or concerning such matters.'' It further appeared that, for reasons shown, Mrs. Knoll made a division of this remaining property among her children, conveying to Mrs. Graham the parcel in question, and in this deed the other children joined; this deed was delivered and placed in escrow with a bank in San Francisco under an agreement that it was to be recorded after the death of Mrs. Knoll. Thus far there is no conflict in the testimony. There was evidence that subsequently this deed was, by the written consent of Mrs. Knoll and her children, surrendered by the bank and recorded and is the deed on which plaintiff relies. It was in evidence that the deed was recorded because Mrs. Knoll was involved in some litigation and desired to place the title in Mrs. Graham. This deed was one of three deeds by which she undertook to convey this trust property directly to the beneficiaries. There was no evidence that any fraud was attempted to be practiced on her or that she acted under any undue influence. There was some evidence that Mrs. Graham agreed to furnish a home for her mother and she testified that she had kept that promise. The principal fact in controversy was whether the deed had been taken out of escrow and recorded by the direction and with the consent of Mrs. Knoll. And all these matters were brought out in support of her claim of title and to disprove Mrs. Graham's title. In fact, the real and only issue presented by the pleadings was that of ownership—both parties claiming a fee simple

absolute, and the relief sought by defendant was to quiet such title in her.

The court found title in Mrs. Graham and "that the defendant, Mary S. Knoll, has no right, title, interest or claim in or to said property described in said complaint, or any part thereof." It seems to us' that the ultimate fact involved in the issue presented by the answer is here directly found upon and that no further finding was necessary. The death of Mrs. Knoll has been suggested since the cause was transferred to this court, which has terminated any life estate or interest she may have had in the property. If a question of rents, issues and profits should be suggested, suffice it to say that there is no evidence on which any finding could have been made. We do not think the point now urged would warrant a reversal of the judgment. The finding of ownership includes the probative facts. (*Montecito Valley W. Co.* v. *Santa Barbara,* 144 Cal. 578, 594, [77 Pac. 1113].) A finding upon the fact of title or ownership is good without a finding of the particular facts upon which such title or want of title depends. (*Cooley* v. *Miller & Lux,* 156 Cal. 510, 523, [105 Pac. 981]. See *Black* v. *Black,* 74 Cal. 522, [16 Pac. 311]; *Bulwer Cons. M. Co.* v. *Standard Cons. M. Co.,* 83 Cal. 589, [23 Pac. 1102].)

Section 4 of the McEnerney act directs that two certain memoranda be appended to the summons on the posting and publication thereof—first, the date of the first publication of summons, and, second, the names and addresses of such adverse claimants as are disclosed by the affidavit of plaintiff upon filing the complaint. The second requirement was omitted. The affidavit showed that the city and county of San Francisco claimed an adverse interest. The city and county of San Francisco appeared by answer and disclaimed any interest in the property. Conceding that appellant could take advantage of this omission, which we doubt (*Adams* v. *Hopkins,* 144 Cal. 30, [77 Pac. 712]), the appearance of this, the only adverse party mentioned in the affidavit and interested in having the memoranda noted, cured the defect.

Discovering no prejudicial error in the proceedings, the judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.