### SHERMAN SMITH *vs.* PURDY LYON.

Under the statute with regard to replevin, previous to the Revision of 1875, that action would not lie to recover property held by an officer upon an execution.

And, under the same principle, it would not lie to recover property taken by a tax collector upon a tax warrant.

While an action of replevin so brought was pending, the act (Rev. of 1875, tit. 19, part 15, sec. 1,) was passed, which provides that "replevin may be maintained to recover any goods or chattels wrongfully detained, &c." Held not to be retroactive, and therefore not applicable to an action of replevin then pending.

And held that the word "maintained" did not necessarily imply that the statute was to operate on suits already brought.

A statute should never be held to be retroactive unless such a construction is required by an express provision or by unavoidable implication.

The statute requires that if judgment be rendered for the defendant in replevin, it shall be for a return of the property and for costs. A judgment was rendered for a defendant for costs only. Held that the plaintiff was not aggrieved by the error and could not take advantage of it.

REPLEVIN for a cow claimed to be unlawfully detained; brought to the Court of Common Pleas of Fairfield County.

Plea the general issue, with notice that the defendant held the property under the levy of a tax warrant. Facts found by a committee, and judgment rendered by the court (*De Forest, J.,*) for the defendant; and a motion in error by the plaintiff. The case is fully stated in the opinion.

*L. Warner* and *H. W. R. Hoyt,* for the plaintiff.

*C. G. Child* and *S. Fessenden,* for the defendant.

PARDEE, J. The plaintiff resided in the Byram school district in the town of Greenwich. In April, 1871, that district voted to levy a tax upon all property taxable therein, for the purpose of defraying the expense of making an addition to its school-house. In December, 1871, the rate-bill, with warrant annexed in due and legal form, was placed in the hands of the defendant as collector of the district for service. This rate-bill included an assessment amounting to $36.50 upon the property of Caroline Smith, wife of the plaintiff. On the 13th of March, 1872, the defendant, by virtue of the warrant, made demand upon Mrs. Smith for the amount of her tax, and upon her refusal to pay the same levied the warrant upon a cow to satisfy the tax, and immediately gave legal notice of his intention to sell it on the 20th day of March, 1872. The defendant supposed the cow to be the property of the wife, when in fact it belonged to the husband. On the 19th day of March, 1872, the plaintiff took the cow from the possession of the defendant by virtue of a writ of replevin, having knowledge that he had taken and then held the same under and by virtue of the tax-warrant.

In March, 1872, the statute authorizing writs of replevin was in the following words: "Writs of replevin shall be allowed in the following cases only: first, in favor of any person to recover his cattle or other animals, when impounded; second, in favor of any person claiming to be the owner of goods or chattels attached in any suit, other than the defendant therein; third, whenever any goods shall be unlawfully detained, except by attachment, from the owner or other per-

son entitled to the possession." This statute was interpreted and limited in the case of *Howard* v. *Crandall*, 39 Conn., 213, decided in 1872, in which it was determined that property held by virtue of an execution cannot be replevied under any of its provisions; and, as collectors of taxes have the powers, and must proceed generally in the same manner to collect, as officers having executions, it follows that this writ of replevin was without the sanction of the law. Upon this writ the cow was taken from the defendant's possession and placed in that of the plaintiff; the estate of the defendant was attached to the value of a hundred and fifty dollars, and he was summoned to appear before the Court of Common Pleas for the county of Fairfield holden on the 1st Tuesday of April, 1872, then and there to answer unto the plaintiff's complaint for the unlawful detention of his cow. This suit came by legal continuances to the term of that court holden in December, 1875, when judgment was rendered that the defendant should recover of the plaintiff his costs.

In 1874 the legislature passed the following act, and declared that it should go into operation on the 1st day of January, 1875: "The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property with a right to their immediate possession, and which are wrongfully detained from him in any manner, together with the damages from such wrongful detention." The plaintiff argues that, even if this writ of replevin was without authority of law at its inception, this last act going into effect while the suit was pending in court and before final judgment thereon, gave validity to the writ, and that therefore he was entitled to judgment in his favor.

The power of the legislature in many cases to confer or take away rights of action, to change the form of the remedy, to validate void contracts, to impose new duties and restrictions upon individuals, to deprive a party of a chance to recover costs already incurred, and to prevent the enforcement of certain forfeitures, is not to be denied; and in particular, the power of the legislature in 1875 to validate this writ of replevin is to be conceded. We have therefore no question

as to the constitutionality of a law which in direct and positive terms is made to act retrospectively; our duty is simply that of construction.

One of the firmly established canons for the interpretation of statutes declares that all laws are to commence in the future and operate prospectively, and are to be considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. The rule is one of such obvious convenience and justice as to call for jealous care on the part of the court to protect and preserve it. Retroaction should never be allowed to a statute unless it is required by express command of the legislature or by an unavoidable implication arising from the necessity of adopting such a construction in order to give full effect to all of its provisions.

The statute of 1875 is quite broad and comprehensive, sufficiently so to embrace all cases, past and future; but we find nothing in it making plain the will of the legislature that it should be retroactive. There is no necessity for such an interpretation; it will have the usual effect of statutes, indeed complete effect, if its application is confined to cases arising subsequently to its enactment.

In 1872 the defendant was summoned into court, and for a long period detained there, to answer to a demand which could not be enforced. For his remuneration he looked to the bill of costs, the recovery of which he had reason to expect as the law then was. To this bill of costs he had no vested right, it is true; but, reading the act in the light of well-settled principles applicable to retrospective laws, we are unable to see, or infer even, any legislative intent to affect this or any other action already commenced. Nor are we willing to overthrow a rule so firmly founded in justice upon the plaintiff's suggestion as to the word "maintained;" for we do not think that, as used in the act, it in itself imports retroactive intent on the part of the legislature. A critical analysis of it would doubtless disclose the idea of continuing a life already commenced; but men both in and out of the profession often speak of maintaining an action, having reference to one yet to be instituted.

Section 2d, title 22, page 551, of the Revision of 1875, provides substantially that all civil suits may be defended to final effect in the same manner as they might under the laws existing on the 31st day of December, 1874, unless it be otherwise specially provided by law; and although our determination of this case is based upon what is hereinbefore said, there is some force in the argument that if the act of 1875 takes from the defendant a complete and valid defence he is not in fact allowed to defend in the same manner as he might have done under the laws of 1874.

The plaintiff also complains that the judgment is erroneous, in that it is for costs only, while the statute requires that it should be for costs accompanied by an order for the return of the property. Motions in error are allowed for the relief of parties who are aggrieved by any judgment; and as in this case the plaintiff was allowed to retain possession of a cow valued at seventy-five dollars, when, as he now says, he should have been compelled to surrender it to the defendant, it is difficult to perceive in what manner he has been injured. In 4 Term Rep., 510, Buller, J., said:—"Besides, it is an invariable rule that if a judgment be more favorable for the plaintiff than he is entitled to, he cannot take advantage of it, because he is not injured." And, in *Alling* v. *Shelton*, 16 Conn., 436, it was determined that where the error complained of was, that the court in an action of replevin for goods taken by attachment, after a trial on the merits and a verdict for the defendant, rendered judgment that the defendant recover his costs, without any assessment of damages against the plaintiff, or order for the return of the goods, a writ of error would not lie in favor of the plaintiff to reverse such judgment.

Again, the plaintiff says that the right to the possession of the property was the real matter in controversy and not the determination of the question as to which party should pay the other a bill of costs. But the law does not permit the plaintiff, and does not compel the defendant, to try the question as to the possession of property legally taken and held by virtue of a warrant for the collection of taxes, upon this writ.

The plaintiff came illegally into court; the court finding him thus there turned him away with the usual penalty of a bill of costs, irrespective of the question whether he had or had not a right to redress in some other form of action.

There is no error in the judgment complained of.

In this opinion the other judges concurred.