[Civ. No. 5773.  Second Appellate District, Division Two.—April 2, 1930.]

RALPH A. JONES, Respondent, v. WILLIAMSON SUM-MERS, Appellant.

John Barnes and E. L. Williams for Appellant.

F. H. Whitfield for Respondent.

CRAIG, Acting P. J.—On November 17, 1926, an action was commenced in the Municipal Court of the city of Los Angeles upon a judgment for the sum of $500, entered in the state of Nevada. Judgment was rendered in favor of the defendant, from which the plaintiff appealed to the Superior Court of Los Angeles County, wherein said judgment was reversed, and this is an appeal by the defendant therefrom.

It is contended that since the original judgment was rendered in a foreign state, the cause of action did not arise in Los Angeles County, nor in this state, and in any event that it was barred by the provisions of subdivision 1, section 336, of the Code of Civil Procedure.

█ It is argued that since in the ordinary acceptation a *case* is a state of facts furnishing occasion for the exercise of jurisdiction, the cause of action did not arise in this state so as to confer jurisdiction upon the Superior Court, and is hence not a *case arising* in the city or county of Los Angeles, within the meaning of the statutes conferring jurisdiction upon the Municipal Court. The defendant appeared by demurrer in the courts below solely upon the grounds above mentioned, and at no time questioned the validity of the judgment upon which suit was instituted. The plaintiff alleged the rendition of judgment in Nevada, and that under the laws of that state the defendant had six months within which to appeal; that he had not appealed, and that said judgment was in full force and effect. Section 1908 of the Code of Civil Procedure provides that a judgment or final order in an action or proceeding before a court of this state is conclusive between the parties in respect to the matter directly adjudged. By section 1913 of the same code the legislature has ordained that the effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced by an action or special proceeding. It is not necessary in pleading a judgment that the facts conferring jurisdiction be stated. (Code Civ. Proc., sec. 456.) It is too obvious to justify further discussion that a judgment of a sister state, brought into this state, gives rise to a cause of action if the judgment debtor be sued here.

█ It is claimed that the judgment was rendered in Nevada on June 10, 1921, and that, although the statutes in that state permit an appeal at any time within six months after entry thereof, the statute of limitations barred the present action on June 10, 1926, for the reason that the action in this state may be commenced within five years. Appellant's contention is that having taken no appeal, the judgment in Nevada was not stayed, but he offers no authority which even remotely suggests that an appeal might not have been perfected within that time, or that the statute of limitations commences to run during the period allowed for appeal. It has repeatedly been held that a cause of action upon a judgment does not accrue until the judgment becomes final, and that the statute of

limitations does not commence running in such cases until the expiration of the time for appeal. (*Harrier* v. *Basford,* 145 Cal. 529 [78 Pac. 1038]; *Cook* v. *Ceas,* 143 Cal. 221 [77 Pac. 65]; *Willard* v. *Dobbins,* 191 Cal. 287 [216 Pac. 1008].)

Although the question as to jurisdiction of this court over appeals from the Superior Court, after an appeal from the Municipal Court, where the appeal was taken after November 6, 1928, has in other cases been denied and the appeals dismissed, we are not here concerned with that situation. The appeal in this case was taken on May 18, 1927, and prior to the date upon which the statute depriving this court of such jurisdiction became effective. The facts in this regard are the same as in *Harris* v. *Moore,* 102 Cal. App. 413 [283 Pac. 76], where it was held that the constitutional provision here involved was not intended to apply retroactively, and hence would not take from the appellate court jurisdiction of appeals perfected at the time the amendment became effective.

We think that this amendment to the Constitution is clearly distinguishable from the provision of the code which was passed upon in *Pacific Gas Radiator Co.* v. *Superior Court,* 70 Cal. App. 200 [232 Pac. 995], because the latter expressly commanded the dismissal of appeals not taken in accordance with its requirements. There can be no doubt that a statute or constitutional provision may contain such a mandate, and when the legislative intention is clearly expressed, even though hardship may result, appeals will be dismissed because under such circumstances an appellate court has no jurisdiction to act. But in the instant case no express purpose is discernible, and following our decision in *Harris* v. *Moore, supra,* we hold that the constitutional amendment here under consideration was not intended to apply to appeals perfected before the amendment became effective. The following fundamental propositions are determinative of the question here presented.

First, it is within the jurisdiction of the law-making power to cut off the right of appeal by restroactive legislation so as to destroy appeals perfected before the taking effect of such law. Second, to do this obviously works great hardship and apparent injustice upon those who may have waived other remedies allowed by law for the correction

of possible errors. Third, therefore, unless the act itself clearly indicates an intention that it shall have a retroactive or retrospective effect, the rule of statutory construction that such statutes are not to be construed as intended to apply retroactively so as to affect pending appeals is fully recognized and well established by the decisions of this state. ■ Fourth, it is well settled that in order that such changes in the law as the termination of appellate jurisdiction may affect pending appeals the amending law must either expressly so declare or an implication that such was the intention of the law-making power must be definite and clear.

That these principles are law in this state is declared in the following decisions: *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48]; *Vanderbilt* v. *All Persons,* 163 Cal. 507 [126 Pac. 158]; *San Francisco etc. Rys.* v. *Superior Court,* 172 Cal. 541 [157 Pac. 604]; *East Bay Mun. Utility Dist.* v. *Garrison,* 191 Cal. 680 [218 Pac. 43]; *Montecito Co. Water Dist.* v. *Doulton,* 193 Cal. 398 [224 Pac. 747]; *State Commission etc.,* v. *Welch,* 20 Cal. App. 624, 807 [129 Pac. 974, 977]; *Harris* v. *Moore, supra.*

In *Montecito Co. Water Dist.* v. *Doulton, supra,* the opinion declares: "The said amendment to the statute of 1913, adopted on May 11, 1923, does not purport, either by its express terms or by any reasonable implication, to be retroactive in its operation or effect, and it is a well-established principle of statutory construction that while the legislature has power to pass retroactive laws which do not impair the obligations of contracts or affect injuriously vested rights, it is equally true that statutes are not to be construed as intended to have a retroactive effect so as to affect pending proceedings unless such intent is expressly declared or necessarily implied from the language of the enactment."

To the same effect is *East Bay Mun. Utility Dist.* v. *Garrison, supra:* "There is nothing in the act itself to indicate that it was intended to have any such retroactive effect, and it is a well-settled principle of statutory construction that an act will not be construed to be retroactive in the absence of either an express declaration to that effect or a clear implication that such was the intent of the legislature."

In *Pignaz* v. *Burnett, supra,* the statute in question shortened the time for taking an appeal from one year to six months after entry of judgment in the trial court. After six months had elapsed, but before the expiration of one year subsequent to judgment, an appeal was taken. In passing upon a motion to dismiss, the Supreme Court said: ''If the amendment operated retrospectively, it cut off the right of appeal immediately upon the taking effect of the act, affording no opportunity whatever thereafter for the exercise of this privilege, and depriving this court, so far as the legislature can, of its jurisdiction in the cases upon which it would so operate.''

It was concluded that no such intention should be imputed to the legislature. We think both the logic and the rule announced in *San Francisco etc. Rys.* v. *Superior Court, supra,* are in point and controlling in passing upon the instant matter. Section 660 of the Code of Civil Procedure had been amended to provide that the power of the Superior Court to pass upon motions for new trials should expire within three months after verdict rendered. In the case giving rise to the application for mandate there being determined, verdict was rendered and a motion for a new trial was made before the amendment became effective, but the date for hearing said motion was some time thereafter. The decision is so clearly in point that we quote from it at length:

''We are here dealing with a provision of law which deprives a court of power to pass upon a motion for new trial unless such power is exercised within a specified time *after verdict or notice of decision.* The time is designated in clear and unequivocal terms, and if the provision is applicable at all to proceedings pending at the time it became operative, its terms are such, in our opinion, as to preclude a construction to the effect that it did not absolutely take away from the trial court the power to pass on the motion for a new trial after the expiration of three months from the rendition of the verdict or service on the moving party of the notice of the decision of the court, regardless of all other circumstances.

''This being the construction that must be given to the provision, we have no doubt that it should not be construed as applicable to proceedings on motion for new trial pend-

ing at the time it became operative. *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48], is practically controlling as to this. We have already substantially stated the question decided in that case. There was involved the question of the application of a statute shortening the time within which an appeal might be taken from a judgment from one year to six months to judgments entered prior to the taking effect of the statute. The statute contained no saving clause as to judgments entered prior to such time. Holding that if this statute were to be construed as applicable to such judgments. the effect would be to absolutely cut off at the very instant it went into effect the right of appeal from any judgment entered six months or more previously, the court said: 'Unless. it is absolutely necessary, we should not impute such an intention to the legislature. In view of the construction which has almost invariably been given to statutes of this character, I feel sure that the legislature intended that its operation should be limited to judgments thereafter entered.' In the case of the provision here involved, if the same be held applicable to proceedings on motion for new trial, pending at the time it took effect, the result would be to absolutely cut off at that moment the right of the party to have the determination of the trial court on his motion regularly instituted and prosecuted, in all cases where the verdict was rendered or notice of the decision given three months or more before the provision became a law. As said in *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48], 'no such intention should be imputed to the legislature unless absolutely necessary.' Under the circumstances we are satisfied that it must be held that the operation of the provision in question was intended to be limited to proceedings on motion for new trial initiated after the change in the law. Especially is this true in view of the decision in *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48], which, it is only fair to assume, was in the minds of those enacting the provision, and to them declared the rule by which their enactment would be construed by the courts.''

Here, it is equally true that those enacting the amendment terminating the appellate jurisdiction of the District Court of Appeal in such cases must be assumed to have had in mind both the decision in *Pignaz* v. *Burnett,*

and *San Francisco etc. Rys.* v. *Superior Court, supra,* as well as other decisions of our appellate courts declaring similar principles. It is also true that in this instance if the amendment be given a retroactive construction and made applicable to appeals pending at the time it became effective the result would be to "cut off at that moment" the right of a party to have the determination of his appeal or the asserted errors of the trial court reviewed at all, in those cases wherein the time for appeal expired.

We have not overlooked the opinions rendered in *Berg* v. *Traeger,*\* (Cal. App.) 285 Pac. 332, and *D. Q. Service Corp.* v. *Securities Loan & Discount Co.,*\*\* (Cal. App.) 285 Pac. 335. Unlike these decisions, we hold that in this instance it is not only unnecessary and unfair to construe the amendment here in question as being retroactive, but that to do so would be inconsistent with the authorities to which we have referred and from which we have quoted. The California decisions referred to in the last-named cases do not, in our opinion, require the conclusion that this amendment should be interpreted retroactively. In *Johnson* v. *Wolff,* 208 Cal. 286 [274 Pac. 1028], the appeal was taken after November 6, 1928, the date upon which the amendment took effect. This fact alone is sufficient to distinguish it from the instant proceeding. In *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866, 872], English authorities and those from other jurisdictions than California, in this country, are reviewed which recognize it to be a general rule that the repeal of a statute operates upon pending proceedings and terminates them so that they at once abate upon the taking effect of the repealing statute. However, what is there said is *obiter dictum.* In that behalf what is said in the same opinion is peculiarly applicable: "Here the wise admission of Chief Justice Marshall in *Cohens* v. *Virginia,* 6 Wheat. 559 [5 L. Ed.

---

\*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *Berg* v. *Traeger* on April 7, 1930. The opinion of the Supreme Court is reported in (Cal.) 292 Pac. 495.

\*\*REPORTER'S NOTE.—A hearing was granted by the Supreme Court in the case of *D. Q. Service Corp.* v. *Securities Loan & Discount Co.,* on April 7, 1930. The opinion of the Supreme Court is reported in (Cal.) 292 Pac. 497.

257], applies with peculiar force: 'It is a maxim not to be disregarded, that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If' they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.'' And so, the discussion upon the point here under consideration has no application to control the decision in the instant appeal, because that case went off on the proposition that there had been a judgment which had become final before the repealing statute became effective, and although a judgment for new trial was pending and an appeal had been taken from an order denying it (as could be under the law then in force), it was held that under those circumstances the repeal of the statute in question did not destroy the judgment nor necessitate a dismissal of the action. It is plain that what is said in the opinion as to the general effect of the repeal of a law which has been the foundation for a cause of action as determined by a judgment which has not become final is· beside the subject and unnecessary to a decision of the case. It is undoubted that there is respectable authority elsewhere holding the various ''extremes of judicial determination'' mentioned in the opinion, but the question here under consideration is one which appears to be beyond the doubtful stage in this state. Authorities in conflict with our own decisions are not persuasive, nor is the *obiter dictum* in *People* v. *Bank of San Luis Obispo* controlling, no matter how scholarly and extended it may be, when opposed to square and direct rulings in other and more recent decisions. We have heretofore distinguished *Pacific Gas Radiator Co.* v. *Superior Court, supra.*

The judgment is affirmed.

Thompson (Ira F.), J., concurred.