[Civ. No. 7391. Second Appellate District, Division Two.—September 18, 1930.]

ARCHITECTURAL TILE COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Goodspeed, Pendell & McGuire for Petitioner.

Everett W. Mattoon, County Counsel, Robert A. Cushman, Deputy County Counsel, and C. E. Spencer for Respondents.

THOMPSON (IRA F.), J.—In this original proceeding it is sought to prevent the respondent court by the writ of prohibition from dismissing an action for the recovery of $1146.58. On November 6, 1928, section 5 of article VI of the state Constitution was amended so as to read in part as follows: "The superior courts shall have original jurisdiction in all civil cases and proceedings (except as in this article otherwise provided, and except, also cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices or other courts) : . . . ." At the time of the amendment of this section of the Constitution and until the statute to which we shall presently refer went into effect the superior court had jurisdiction of

actions involving the sum sought to be recovered by the petitioner in an action it filed therein on September 7, 1926, against one C. H. Sheeley. At the session of the legislature in 1929 section 76 of the Code of Civil Procedure (Stats. 1929, p. 830, sec. 1) was made to conform to the portion of the section of the Constitution we have quoted and in addition thereto the Municipal Court Act (Stats. 1925, p. 658; Stats. 1929, pp. 837, 838, sec. 2) was amended so that the pertinent provisions thereof now read as follows: "Sec. 29. Each municipal court shall have *exclusive* original jurisdiction of all civil cases and actions, arising within the city or city and county in which such municipal court is established, of the following classes:

"1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars, or less." It is conceded that had the present action been commenced subsequent to the date on which the last amendment took effect, to wit: August 14, 1929, that the municipal court would have had jurisdiction. ■ The question is this: Was the respondent court divested of jurisdiction of the action already filed by the amendment to the statute? We find nothing in the statute itself which attempts to save actions which are pending nor do we find anything to the contrary. However, it is patent that injustice would be suffered by those who could not file an action in the municipal court prior to August 14, 1929, and against whose claims the statute of limitations would run between the time of filing in the superior court (provided, of course, that time would not permit it to be brought to trial) and August 14, 1929, were the act to be given the effect contended for by the respondents. ■ The fact that injustice may result in such cases is one of the reasons for that rule of statutory construction to the effect that in the absence of a clearly expressed intention to the contrary, every statute will be held to operate prospectively rather than retrospectively. (*Estate of Frees,* 187 Cal. 150 [201 Pac. 112]; *Jones* v. *Summers,* 105 Cal. App. 51 [286 Pac. 1093].) It is much more reasonable and logical to assume that the legislature intended that the statute should have no effect upon pending litigation than to indulge in the presumption that they intended to deprive those litigants of their remedies whose

actions were filed and against which the statute of limitations would have run except for their prior commencement. In fact, owing to the nature of the right here involved there is more necessity for the present conclusion than there was in *Jones* v. *Summers, supra.*

█ It is suggested by counsel for respondents that the writ of prohibition ought not to issue herein because an appeal will lie from the judgment of dismissal. However, counsel also say that they do not press the point for the reason that there are two thousand or more cases now pending in the respondent court involving the same question. We think this fact offers a very cogent reason why we ought to assume jurisdiction. From a purely practical standpoint it can hardly be said that the remedy by appeal is adequate under the circumstances.

Writ granted.

Craig, Acting P. J., concurred.