[L. A. No. 12238. In Bank.—September 26, 1930.]

ENOCH BERG, Respondent, v. WILLIAM I. TRAEGER, Appellant.

Nathan M. Dicker and Abe Richman for Appellant.

A. E. McManus for Respondent.

C. E. Spencer, *Amicus Curiae,* for Respondent.

WASTE, C. J.—This action, to recover the sum of $999 and interest as damages arising out of the alleged wrongful conversion of an automobile by the sheriff of Los Angeles County, was commenced and prosecuted to judgment for the plaintiff in the municipal court of the city of Los Angeles. Defendant appealed to the Superior Court of Los Angeles

County, and from the judgment of affirmance therein entered he perfected an appeal to the District Court of Appeal on March 30, 1927. That court, of its own motion, has dismissed the appeal (285 Pac. 332, 286 Pac. 469) on the ground that an amendment to the Municipal Court Act, effective August 14, 1929, deprived the court of jurisdiction. (Stats. 1929, p. 837.) The cause of action arose outside the city, but within Los Angeles County. Prior to the 1929 amendment, *supra,* a distinction was made between cases arising within a city, and those arising outside the city, in which a municipal court is established, but within the county. In the former class of cases no appeal lay from the superior court to the District Court of Appeal, while, in the latter class of cases such appeal did lie. (*Johnston* v. *Wolf,* 208 Cal. 286 [280 Pac. 980].) The amendment had the effect of depriving the District Courts of Appeal of jurisdiction over appeals from the superior courts in any action within the jurisdiction of the municipal courts; but at the time the amendment became effective there were pending and undetermined before the several divisions of the District Courts of Appeal many appeals from judgments of the municipal courts, and it therefore became necessary to determine what effect, if any, the change of jurisdiction resulting from said amendment had upon appeals duly perfected prior thereto. Upon this jurisdictional question the several divisions of the District Courts of Appeal were unable to agree, with the result that this cause, among others, was transferred to this court.

While it is the general rule that a cause of action or remedy dependent on statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute (*Callet* v. *Alioto, ante,* p. 65 [290 Pac. 438] ; *Moss* v. *Smith,* 171 Cal. 777 [155 Pac. 90] ; *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866]), it is equally well settled and is a fundamental rule of statutory construction that every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed. (*Callet* v. *Alioto, supra; Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48] ; *Montecito Co. Water Dist.* v. *Doulton,* 193 Cal. 398 [224

Pac. 747].) ■ There is nothing in the 1929 amendment of section 29 of the Municipal Court Act, *supra*, indicating that it was intended to have a retroactive operation. The better reasoned cases, we believe, are those that support the view that the change in the appellate jurisdiction of the District Courts of Appeal, in so far as appeals from judg· ments of municipal courts are concerned, was not intended to apply retroactively, and hence does not take from the appellate courts jurisdiction of appeals perfected at the time the amendment became effective. In this connection see the cases of *Jones* v. *Summers,* 105 Cal. App. 51 [286 Pac. 1093], and *Harris* v. *Moore,* 102 Cal. App. 413 [283 Pac. 76].

■ It is therefore necessary that we consider this appeal on its merits. The action is one for the conversion of an automobile. The findings establish the material facts. Plaintiff was the owner of the automobile involved. On April 11, 1924, he entered into a conditional contract of sale of the automobile with one V. H. Worl, under the terms of which the purchaser agreed to pay therefor $650 in stated installments. By the terms of the agreement title remained in the seller until the purchaser fully complied with all the covenants and conditions of the contract. The pink certificate of ownership issued by the Motor Vehicle Department and showing plaintiff to be the registered legal owner of said automobile remained in the possession and under the control of the plaintiff, and no assignment or transfer thereof was made. On August 28, 1924, and for some time prior thereto, the purchaser Worl was in default and had forfeited his rights under the contract, by the terms of which plaintiff was entitled to take immediate possession of the automobile. On or about that date the defendant, as sheriff of Los Angeles County, levied an attachment on the automobile in an action commenced by a third party against Worl, and took possession of the automobile from Worl without plaintiff's consent, and thereafter sold it at execution sale. Prior to such sale the plaintiff, as provided by sections 549 and 689 of the Code of Civil Procedure, executed and caused to be served upon the defendant a notice of third-party claim, notifying defendant of his ownership of the automobile, and demanding its immediate possession, but, notwithstanding such notice and claim of ownership

and demand for possession, the defendant wrongfully sold and converted it.

The findings are amply supported by the evidence and support the judgment for the plaintiff.  There is no merit in appellant's contention that the trial court erred in failing to pass upon his motion for a nonsuit. The entry of judgment for the respondent worked a denial of the motion.

It was not error to allow interest from August 28, 1924. The testimony is somewhat uncertain as to the actual date of the conversion, but a reading of the entire record, including the exhibits, satisfactorily establishes that it occurred between the dates fixed in the complaint, viz., August 20 and 28, 1924.

It was not error to permit plaintiff to testify to the value of the automobile. The owner of personal property may properly testify as to its value. (*Willard* v. *Valley G. & F. Co.*, 171 Cal. 9, 14 [151 Pac. 286].)

The judgment is affirmed.

Shenk, J., Richards, J., Seawell, J., Preston, J., Curtis, J., and Langdon, J., concurred.