[Civ. No. 7501. Second Appellate District, Division Two.—October 1, 1930.]

MAUDE WHEATON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Joseph Mayer for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

SCHMIDT, J., *pro tem.*—Petition for writ of mandate.

On April 24, 1929, one John C. Flick filed in the Superior Court of Los Angeles County his action against one Maude Wheaton, petitioner herein, to foreclose a mechanic's lien in the sum of $917.20. On April 22, 1930, said petitioner herein moved the respondent court to dismiss the action on the ground that the property against which the lien was attempted to be foreclosed was within the city of Los Angeles and that by reason of the change in jurisdiction of the municipal court, as provided by act of the 1929 legislature (Deering's Gen. Laws 1929, p. 3527, Stats. 1929, p. 838), the superior court had lost jurisdiction of the action. The motion was denied. Subsequently the case was tried and judgment rendered in favor of the plaintiff, against petitioner, in the sum of $917.20, plus interest and costs, and provided that same be adjudged a lien against the land described in plaintiff's complaint. Subsequently an order of court was made appointing a commissioner to sell the real property described

in the judgment; execution issued thereon and the commissioner, pursuant to the execution, sold the property. Subsequently an order was issued to show cause why the judgment should not be vacated and set aside and why the commissioner should not be permanently restrained from selling the premises referred to in the judgment. The motions to vacate and set aside and to restrain the commissioner from selling were denied and the order to show cause dismissed. Petitioner thereupon filed her petition in this court, asking for a writ of mandate compelling the respondent superior court to vacate said judgment and set aside the sale of the property by the commissioner.

Petitioner contends by reason of the change in the jurisdiction of the municipal court by the act of the 1929 legislature that the superior court was deprived of jurisdiction to continue with the action. If this contention is correct then the action should have been dismissed in the superior court and a new action would have to be filed in the municipal court. This would have become a useless act, for by the terms of section 1190 of the Code of Civil Procedure, the lien theretofore filed under section 1183 of the Code of Civil Procedure would have become ineffective, inasmuch as more than ninety days had elapsed from the filing of the lien to the bringing of the new action. ■ Article 20, section 15, of the Constitution of the state of California, provides: ''Mechanics, materialmen, artisans and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished material, for the value of such labor done and material furnished; and the legislature shall provide, by law, for the speedy and efficient enforcement of such liens.'' This makes it mandatory upon the legislature to provide a remedy for the foreclosure of a lien.

■ The amendments of the 1929 legislature changing the jurisdiction contained no saving clause; nor was any method provided for transfer to the municipal court of actions then pending in the superior court. This shows an entire absence of intent upon the part of the legislature that the act should operate retrospectively upon the many cases then pending in the superior court. Surely, the legislature, in changing the jurisdiction, must have had in mind the constitutional provision providing for liens and if it had in-

tended that cases then pending in the superior court should be transferred to the municipal court it without doubt would have provided the means for such transfer. As was said in *Estate of Frees,* 187 Cal. 150, at page 156 [201 Pac. 112, 114]: "It is also a general rule of statutory construction that statutes should not be construed retrospectively unless it is clear that such was the legislative intention."

We conclude, therefore, that the amendment could apply only to new cases filed involving liens.

In *Architectural Tile Co.* v. *Superior Court, ante,* p. 369 [291 Pac. 586] (recently decided by this court but not yet final), and in *Berg* v. *Traeger,* 210 Cal. 323 [292 Pac. 495], similar questions were involved and the reasoning in each case reached the same conclusion.

Attack is made upon the form of judgment as rendered. We cannot consider same in this proceeding. The matter to which complaint is directed is at best an error at law, and if an error at law, must be corrected upon appeal.

Petition for writ of mandate denied. Respondent to recover his costs in this proceeding.

Works, P. J., and Thompson (Ira F.), J., concurred.