SHAW, J.
This is an action at law on a promissory note to recover the sum of $1,000 as principal, $100 as attorney fees, which are provided for in the note, and interest. The complaint was filed June 6, 1928. At that time the municipal court in which it was brought had no jurisdiction of actions at law where the demand, exclusive of interest, exceeded $1,000. (Sec. 29, Municipal Court Act, Stats. 1925, *Supp 783 p. 658.) The attorney’s fees in such a case are special damages and must be regarded as a part of plaintiff’s demand to determine the jurisdiction. (De Jarnett v. Marquez, 127 Cal. 558 [78 Am. St. Rep. 90, 27 L. R. A. (N. S.) 157, and note, 60 Pac. 45].) Hence, at the time the action was begun the municipal court had no jurisdiction of it. Before the case was tried the Municipal Court Act was amended by increasing the jurisdictional limit of actions at law brought in the municipal court to $2,000 (Stats. 1929, p. 837), so that the demand of the complaint and the judgment rendered, which was for $1100 and interest, were at the time of trial within the jurisdiction of that court. This amending act contained nothing indicating an intention that its provisions should apply to pending litigation.
The record at once presents the question whether this amendment of the Municipal Court Act operated to give the municipal court jurisdiction over pending actions which were, when commenced, beyond its jurisdiction. We think this question must be answered in the negative. As far as we can learn, there is no California case exactly in point, but the principle which we think must govern its decision has been many times declared in this state, and the converse proposition, that is, that a court which had jurisdiction of an action when commenced does not lose that jurisdiction by a- subsequent change of law cutting down its jurisdiction, has been settled. (Berg v. Traeger, 210 Cal. 323 [292 Pac. 495]; Architectural Tile Co. v. Superior Court, 108 Cal. App. 369 [291 Pac. 586]; Wheaton v. Superior Court, 108 Cal. App. 702 [292 Pac. 499]; Jones v. Summers, 105 Cal. App. 51 [286 Pac. 1093]; Harris v. Moore, 102 Cal. App. 413 [283 Pac. 76]; San Francisco etc. Rys. v. Superior Court, 172 Cal. 541 [157 Pac. 604].) The principle on which all of these cases rest is thus declared in Berg v. Traeger, supra: “It is equally well settled and is a fundamental rule of statutory construction that every statute will be construed to operate prospectively and will not be given a retrospective effect, unless the intention that it should have that effect is clearly expressed.” In several of the cases just cited the courts applied this rule to the very amendment of section 29 of the Municipal Court Act, which is now before us. They were, however, considering the act from a different point of view from that which we occupy, *Supp 784 they being concerned with its effect in decreasing the jurisdiction of other courts. In Vanderbilt v. All Persons, 163 Cal. 507, 513 [126 Pac. 158], the question involved was the application to pending cases of a statute regarding the admissibility of evidence, and such application was refused, the court saying in discussing the question: “When a remedy is sought which is not authorized by law, a subsequent statute giving such remedy does not operate on the existing suit. (Wetzler v. Kelly & Co., 83 Ala. 443 [3 South. 747].) Retroaction is never allowed to a statute unless required by express legislative mandate or unavoidable implication. (Smith v. Lyon, 44 Conn. 178.) ” In People v. Allied Architects' Assn., 201 Cal. 428, 437 [257 Pac. 511], the rule regarding retroactive construction is thus stated: “No statute .or constitutional provision shall be so construed as to give it a retroactive effect, to divest individuals of rights vested previous to its passage, or to affect pending litigation, unless such intent is expressly declared or necessarily implied in the language of the provision to be construed. ’ ’ (Citing 5 Cal. Jur. 750.) In State Commission in Lunacy v. Welch, 20 Cal. App. 624, 630 [129 Pac. 974], where the plaintiff had brought a mandamus proceeding against the county treasurer without authority of law and before a demurrer to the petition was heard a statute authorizing such a suit took effect, it was held that this statute did not apply to the pending proceeding. The court reviewed many authorities and stated the rule as follows: “Laws are not construed as intended to have a retroactive or retrospective effect, so as to affect pending litigation, unless such intent is expressly declared or necessarily implied in the language of the statute.” In Takeba v. Superior Court, 43 Cal. App. 469, 474 [185 Pac. 406], the court declared that the amendment of section 564 of the Code of Civil Procedure authorizing the appointment of a receiver in an unlawful detainer action was not to be given a retroactive effect, and hence did not apply to a pending action. None of these cases is identical with that before us, but they clearly declare the principle which if applied here decides this case. We can find in them no suggestion that it should not be so applied. It has been suggested that since the complaint here, if filed on the day on which the amendment took effect, would have been within the jurisdiction of the court, *Supp 785 it would be a useless formality to require the plaintiff to refile his complaint in order to claim the benefit of that amendment. But we are not in a position to say that the defendant would not be harmed by such a decision. This complaint was filed more than a year before the life-giving amendment became effective. The defendant may have believed that plaintiff had abandoned his action by reason of the lack of jurisdiction and may have so conducted himself in reliance upon that belief as to prejudice him if it proves false. We cannot know the facts, but such possibilities furnish one of the strongest reasons for the rule against retrospective construction of such statute. (See Vanderbilt v. All Persons, supra.) The adoption of this suggestion would require a departure from the rule declared in the cases above cited and many others. The same suggestion could have been made with equal force and would have been equally obvious in State Commission in Lunacy v. Welch, supra, but it was not even mentioned there.
In Maguire v. Cunningham, 64 Cal. App. 536, 553 [222 Pac. 838], the District Court of Appeal declared that a statute providing for actions to quiet title to personal property was to be given retroactive effect so as to uphold such actions previously brought, but the Supreme Court, on petition for hearing of the case there, declined to approve this part of the decision, and hence it cannot be regarded as authority on the point. Pacific Gas & Elec. Co. v. State, 214 Cal. 369 [6 Pac. (2d) 78], is also cited as authority in favor of the application of the amendment here to pending actions, but we do not so regard it. As the Supreme Court said, they were there “confronted with an anomalous situation P. The action in question was fully authorized when brought, but after the decision in the trial court and before the case was reached on appeal two amendments of the law had been made, the first removing the foundation of the action and the second restoring it. The decision was that under these circumstances the appellate court should regard the action as well brought, such being the law both at the time of the decision below and of the decision on appeal. But nothing was said about the rule against retrospective construction of statutes and wc find nothing in the decision to indicate an intention to abandon that rule generally.
*Supp 786 In other states there is also authority for the proposition that jurisdiction of a pending action which was improperly brought is not conferred by a law enlarging the jurisdiction of the court, unless such intent is expressed in the statute. (Wheatland v. Lovering, 10 Gray (Mass), 16; Buck v. Dowley, 16 Gray (Mass.), 555; Baines v. Jemison, 86 Tex. 118 [23 S. W. 639] ; State v. Cloud, 148 Miss. 642 [112 South. 19]; Smith v. Lyon, 44 Conn. 175, 178; Bedier v. Fuller, 116 Mich. 126 [74 N. W. 506] ; Wetzler v. Kelly & Co., 83 Ala. 440 [3 South. 747].) In some of these cases the ques-. tion involved was not directly one of jurisdiction, but the courts made declarations which were broad enough to cover the jurisdiction. In Wheatland v. Lovering, supra, it was directly held that a statute enlarging the jurisdiction of a court “authorized subsequent actions, but gave no vitality to those commenced before the statute took effect”, and the decision in Buck v. Dowley, supra, was to the same effect. In Baines v. Jemison, supra, the court held that a statute providing a new cause for change of venue did not apply to pending actions and said: “It may be that it would be competent to so change the law as to confer local jurisdiction of a suit already pending upon the court in which it was instituted, although such court did not have jurisdiction at the time the action was brought. . . . Admitting the power of the legislature in such a case, its intention would have to be clear before the courts would give the statute such retroactive effect.” In Smith v. Lyon, supra, it was held that a statute enlarging the scope of a proceeding in replevin did not operate to validate such a proceeding previously brought without statutory sanction. The court said: “All laws are to commence in the future and operate prospectively, and are to be considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. The rule is one of such -obvious convenience and justice as to call for jealous care on the part of the court to protect and preserve it. P.etroaction should never be allowed to a statute unless it is required by express command of the legislature or by an unavoidable implication arising from the necessity of adopting such a construction in order to give full effect to all its provisions.” This language was quoted with approval in State Commission in Lunacy v. Welch, supra, and *Supp 787 the case was approvingly cited on the same point, in Vanderbilt v. All Persons, supra. In Wetzler v. Kelly & Co., supra, the court said: "When a suit is instituted or a defense is interposed, which is at the time unauthorized by the law, a subsequent statute giving such remedy does not operate on the existing suit, especially when it does not provide it shall so operate.” This language was either quoted or cited with approval in the two California cases last mentioned. There are a few cases from other jurisdictions which state a contrary rule. The most direct holding to that effect which we have seen is Larkin v. Saffarans, 15 Fed. 147, where the argument from convenience, which we have mentioned, is stressed. The case also relies very strongly on the analogy of several decisions of the United States Supreme Court holding that laws cutting down the jurisdiction of the appellate court affect pending appeals; but that rule has been repudiated in California by the cases of Berg v. Traeger, supra, Jones v. Summers, supra, and Harris v. Moore, supra. Hence, we cannot regard it as establishing a rule which should be followed in this state.
The judgment is reversed and the cause is remanded to the municipal court, with direction to enter a judgment dismissing the action, appellant to recover costs of appeal.
McLucas, P. J., concurred.