[Civ. No. 17762.   Second Dist., Div. One.   July 13, 1950.]

JOHN T. DILLON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Will H. Winston for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

DRAPEAU, J.—On June 10, 1949, petitioner commenced an action in the respondent court against Mary E. Dillon to recover money due him in the amount of $2,501.   On October 1, 1949, an amendment to section 89 of the Code of Civil Procedure became effective whereby the jurisdiction of the municipal court was increased to include actions involving $3,000. When said cause came on for trial on April 3, 1950, the trial judge of his own motion transferred it to the municipal court upon the ground that respondent court did not have jurisdiction to try the same by reason of the amount involved.

By the instant proceeding, petitioner seeks to annul the order of transfer.

Respondents interposed a general demurrer to the petition, and here urge that the amendment to section 89, *supra*, divested respondent court of jurisdiction to try the action which involved less than $3,000.

Petitioner maintains that the jurisdiction of the superior court to try cases pending before it was not affected by the amendment, and relies upon the rule that a statute is not retroactive in operation unless the legislative intent to the contrary is clearly expressed.

There is nothing in the section here under consideration which discloses any intent to make it retrospective in its scope.

The identical question was before the court in *Architectural Tile Co.* v. *Superior Court*, 108 Cal.App. 369, 371 [291 P. 586], after the 1929 amendment to the Municipal Court Act became effective giving such court exclusive jurisdiction of "(1) All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars, or less."

It was there held that in cases of statutory change of jurisdiction, in the absence of a clearly expressed intention to the contrary, every statute will be held to operate prospectively rather than retrospectively. "It is much more reasonable and logical to assume that the legislature intended that the statute should have no effect upon pending litigation than to indulge in the presumption that they intended to deprive those litigants of their remedies whose actions were filed and against which the statute of limitations would have run except for their prior commencement."

A court which had jurisdiction of an action when commenced does not lose that jurisdiction by a subsequent change of law cutting down its jurisdiction. (*Berg* v. *Traeger*, 210 Cal. 323 [292 P. 495]; *Wheaton* v. *Superior Court*, 108 Cal. App. 702 [292 P. 499].

In *Berg* v. *Traeger, supra*, the Supreme Court construed an amendment to the Municipal Court Act effective August 14, 1929, as having the effect "of depriving the District Courts of Appeal of jurisdiction over appeals from the superior courts in any action within the jurisdiction of the municipal courts; but at the time the amendment became effective there were pending and undetermined before the several divisions of the District Courts of Appeal many appeals from the judgments of the municipal courts, and it therefore became necessary to

determine what effect, if any, the change of jurisdiction resulting from said amendment had upon appeals duly perfected prior thereto. . . .

"While it is the general rule that a cause of action or remedy dependent on statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute (citing authorities), it is equally well settled and is a fundamental rule of statutory construction that every statute will be construed to operate prospectively and will not be given retrospective effect, unless the intention that it should have that effect is clearly expressed. (Citing authorities.) There is nothing in the 1929 amendment of section 29 of the Municipal Court Act, *supra,* indicating that it was intended to have a retroactive operation. The better reasoned cases, we believe, are those that support the view that the change in the appellate jurisdiction of the District Courts of Appeal, in so far as appeals from judgments af municipal courts are concerned, was not intended to apply retroactively, and hence does not take from the appellate courts jurisdiction of appeals perfected at the time the amendment became effective."

Again in *People* v. *Allied Architects' Assn.,* 201 Cal. 428, 437 [257 P. 511], the rule regarding retroactive construction is thus stated: "No statute or constitutional provision shall be so construed as to give it retroactive effect, to divest individuals of rights vested previous to its passage, or to affect pending litigation, unless such intent is expressly declared or necessarily implied in the language of the provision to be construed."

For the reasons stated, the order transferring the instant action to the municipal court is annulled.

Doran, J., concurred.

WHITE, P. J.—I dissent. We are not here confronted with a situation wherein the superior court sought to dismiss an action properly filed with it because after such filing jurisdiction of the subject matter was by legislative action reposed in the municipal court. The action of the superior court in transferring the instant cause to the municipal court is not therefore, fraught with the dangers of the injustice pointed out in *Architectural Tile Co.* v. *Superior Court,* 108 Cal.App. 369, 371 [291 P. 586], and referred to in the majority opinion.

It seems to me elementary that if jurisdiction is the "authority to hear and determine a cause" (*Lange* v. *Superior Court,* 11 Cal.App. 1, 4 [103 P. 908]) then, after the amendment to section 89 of the Code of Civil Procedure became effective respondent court was bereft of power to render a judgment. As was said by this court in *In re Cavitt,* 47 Cal. App.2d 698, 701 [118 P.2d 846], "Jurisdiction is fundamental, and as heretofore pointed out, must be continuing in the court throughout the proceeding, because it is jurisdiction alone that gives the court power to hear, determine and pronounce judgment upon the issues before it."

Insofar as the case of *Berg* v. *Traeger,* 210 Cal. 323 [292 P. 495] (cited in the majority opinion) is concerned, we are not now dealing with a case where final judgment was rendered prior to the aforesaid change in the statute. Such a case would present a distinct question which is not before us. And, in the *Berg* v. *Traeger* case, *supra,* it is conceded that the general rule is that in the absence of a saving clause, a cause of action or remedy dependent upon the statute "falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. . . ."

A perusal of the cases in this state discloses two distinct lines of authority—1. That unless the intention of the Legislature is clearly expressed that the statute shall be construed to operate retrospectively, it will be construed to operate prospectively, and 2. That jurisdiction is continuing and must prevail throughout the proceeding.

I would affirm the order and permit the case to be tried in the municipal court, to which tribunal jurisdiction was by legislative enactment transferred without a saving clause.