[Civ. No. 38125. Second Dist., Div. Four. Nov. 24, 1971.]

SIMON WILLEN, Plaintiff and Appellant, v.
BASIL O. BOGGS et al., Defendants and Respondents.

## COUNSEL

Ambrose & Malat and Gerald A. Malat for Plaintiff and Appellant.

Schmidt & Schmidt and Cletus V. Schmidt for Defendants and Respondents.

## OPINION

DUNN, J.—On May 10, 1963, Basil O. Boggs filed a municipal court action against Simon Willen and Western Intaglio, Inc., among others. That

same day, J. J. Tonne and Calvin D. Crockett also filed separate muncipal court actions, naming the same defendants. Summonses and complaints were served in each case on Willen, who failed to respond, and default judgments were entered against him on October 16, 1963. On November 3, 1966, he filed a superior court action in equity seeking an order vacating the default judgments entered for Boggs, Tonne and Crockett, alleging he had not been served with copies of the summonses and complaints. Willen further alleged he first learned of the Boggs judgment against him two years and seven months after it was entered (i.e., in May 1966) and that he first learned of the Tonne and Crockett judgments in October 1966. ■ ■ ■ ■ All three defendants answered his complaint, denying his claims. A nonjury trial was held October 8, 1970.[1] The trial court found that valid service of the summonses and complaints was made in each case and ordered judgment for the defendants and against plaintiff Willen. Willen appeals.

■ Appellant argues that the preponderance of evidence introduced at the superior court trial favors him. He mistakes our function; we may not reweigh evidence; we are concerned only with determining if the court's findings are supported by evidence.

Willen denied he ever was served with summonses and complaints in the three municipal court actions. Contrary to this, Donald Law, a process server, testified that he served Willen in each case both as an individual and as secretary-treasurer of the Western Intaglio, Inc. His "Declaration of

---

[1]Willen's suit in equity was filed in November 1966. Effective in 1969, Code of Civil Procedure section 89 was amended to grant equity jurisdiction to the municipal court to vacate "a judgment or order of such municipal court obtained through extrinsic fraud. . . ." Since municipal and superior court subject matter jurisdiction is generally mutually exclusive (Const., art. VI, § 10; Code Civ. Proc., §§ 82, 83; *Villanazul* v. *City of Los Angeles* (1951) 37 Cal.2d 718 [235 P.2d 16]; *Berg* v. *Traeger* (1930) 210 Cal. 323 [292 P. 495]) the amendment would deprive a superior court of jurisdiction. Under the second paragraph of Code of Civil Procedure section 396, if an action is commenced in a court having jurisdiction of the subject matter "and it thereafter appears . . . at the trial" that resolution of the case will involve a "determination of questions not within the jurisdiction of the court," then the court must suspend proceedings and transfer the case to a court (here the Los Angeles Municipal Court) having jurisdiction. Inasmuch as the Los Angeles Superior Court would have had jurisdiction in 1966 when the suit was filed, query: did it continue to have jurisdiction into 1970 at the time of trial, or did the 1969 amendment of Code of Civil Procedure section 89 deprive it of jurisdiction. The trial court raised the issue, itself, and concluded that it retained jurisdiction. Although the parties did not raise this issue in their briefs, we directed that it be discussed in letter briefs and also argued orally. We conclude the trial court was correct and that, despite the statutory amendment, the superior court retained jurisdiction. (*Berg* v. *Traeger, supra*; *Dillon* v. *Superior Court* (1952) 98 Cal.App.2d 437 [220 P.2d 553]; *Architectural Tile Co.* v. *Superior Court* (1930) 108 Cal.App. 369 [291 P. 586].)

Personal Service," filed in each case, so showed. He further testified to the customary attachment of a slip of paper to the process, stating any multiple capacities in which parties are served, i.e., individually and as an officer of the corporate defendant. Such testimony of habit or custom is relevant evidence. (Evid. Code, § 1105.)

Appellant argues that Code of Civil Procedure section 410[2] requires that the declaration of personal service not only state that the individual was served in two capacities, but also requires that the declaration recite that the process served, itself, so stated. Code of Civil Procedure section 410, in effect at the time, read in part: "When the service is against a corporation . . . there shall appear on the copy of the summons that is served a notice stating in substance: 'To the person served: You are hereby served in the within action . . . on behalf of (. . . the corporation . . . ) as a person upon whom the summons and a copy of the complaint must be served to effect service against said party. . . .' When service is intended to be made upon said person as an individual as well as a person upon whom service must be made on behalf of said corporation . . . said notice shall also indicate that service is had upon said person as an individual as well as on behalf of said corporation . . . . In a case in which the foregoing provisions of the section require that notice of the capacity in which a person is served must appear on the copy of the summons that is served, the certificate . . . of service must recite that such notice appeared on such copy of the summons, if, in fact, it did appear. . . . When service is made upon the person served as an individual as well as on behalf of the corporation . . . and the notice of that fact does not appear on the copy of the summons or a recital of such notification does not appear in the certificate . . . of service of process as required by this section, no default may be taken against such person."

The finding that valid service was made on Willen, individually, as well as in a representative capacity is supported by evidence to that effect; the required notice of the dual capacities in which he was served appeared on copies of the process served upon him. The only question here has to do with the fact the certificates of service do not recite that the summonses and complaints served on Willen contained the required notice. Put another way, the question is: is the fact of service impaired by an incomplete certificate of service?

[2]Section 410 of the Code of Civil Procedure was repealed by Statutes 1969, chapter 1610, section 10, effective July 1, 1970. However, section 30, subdivision (d) thereof reads: "In any action commenced prior to July 1, 1970, in which a default or default judgment was entered prior to July 1, 1970, the law in effect prior to July 1, 1970, shall govern the right to seek relief."

In *National Union Fire Ins. Co.* v. *Superior Court* (1966) 247 Cal.App. 2d 326 [55 Cal.Rptr. 574], a writ was granted requiring the trial court to quash service of summons and to order that the action be dismissed. There, a summons was served on Coyle but it did not bear any notation that he was served as a corporate officer (as intended) nor did the return of service so state. The court said (p. 329): "We think that the provisions of section 410 are likewise mandatory and that the purported service of summons upon National Union was and is ineffective." It will be noted the court spoke, specifically, of "service" not "return of service." This distinction is important for, under the rule in cases preceding the enactment (in 1959) of this portion of section 410, it was held that, where proper service was made, a defect in a certification of that service did not impair the court's jurisdiction. (Cf. *Morrissey* v. *Gray* (1911) 160 Cal. 390, 395 [117 P. 438]; *Herman* v. *Santee* (1894) 103 Cal. 519, 522-523 [37 P. 509]; *Otsuka* v. *Balangue* (1949) 92 Cal.App.2d 788 [208 P.2d 65]; *Smith* v. *Hernan* (1919) 40 Cal.App. 217, 220 [180 P. 640]; 40 Cal.Jur.2d 76, Process, Etc. § 50.) Indeed, in *Morrissey, supra,* it was stated that an amendment to a return of service may, under certain conditions, be permitted even after judgment has been entered. (And see: *North Side etc. Assn.* v. *County of L.A.* (1945) 70 Cal.App.2d 598, 604 [161 P.2d 613].) Appellant here urges that the pertinent language of Code of Civil Procedure section 410 changed that rule, at least so far as the entry of a default is concerned.

We conclude the municipal court had jurisdiction to render default judgments against Willen. While the returns of service were defective, the services themselves were not. The evidence discloses not only that the process served on Willen contained the required notice of the two capacities in which he was served but, also, that Law, the process server, told him of the dual service. The omission from Law's certifications, of any recitation that notice appeared on the copy of the summonses, was not fatal to the municipal court's jurisdiction.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 9, 1971, and appellant's petition for a hearing by the Supreme Court was denied January 19, 1972. Burke, J., did not participate therein.