[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Steve Nigro, owns land in Cheshire adjacent to CT Page 6624-Q railroad tracks on land owned by the defendant, Boston 
Maine Corporation. It is not disputed that for many years the plaintiff has used a narrow strip of land running from his property over the defendant's railroad tracks to reach the nearby public road known as Willow Street. This passageway is referred to in present maps as Bunnell Lane. It is approximately fifteen feet wide and is an unpaved gravel road.
The plaintiff, upon notice from the defendant to cease use of the road, brings this action to quiet title, alleging the existence of an easement either by necessity or prescription. The defendant contends that Conn. Gen. Stat. 47-27 prohibits the attainment of any interest in land belonging to a railroad by anyone claiming such a right by possession, use or occupancy.
Conn. Gen. Stat. 47-27 reads as follows:
 No length of possession, user or occupancy of land belonging to any railroad or street railway corporation and used for its corporate purposes shall create or continue any right in or to such land. . . . CT Page 6624-R
The plaintiff insists that the statute refers only to adverse possession and not to easements. In support of this, he cites the headnote in the official Connecticut General Statutes, which does indeed say "Title by Adverse Possession by or against railroad or railway companies." Conn. Gen. Stat. 47-27. Titles or headnotes are not part of the body of a statute, however; they are composed by the office of the legislative commissioners to simplify research and organize the codification of the legislature's public acts. Conn. Gen. Stat. 2-56(g).
Also the legislature in 1905, when the statute was first enacted as Chapter 1, Conn. Public Acts, (1905 Rev.), was quite capable of describing with precise language exactly what proscribed interests it meant in other statutes relating to land. See, Sec. 4046 (1902 Rev.) ("adverse occupation") and Sec. 4047 (1902 Rev.) ("adverse possession").
The plain language of the statute does not confine itself to acquisition of title in fee simple to land, but states that no user "shall create or continue any right in or to such land . . ." CT Page 6624-S (emphasis supplied), no matter what the length of use. Therefore, no right to use Bunnell Lane could be created after the passage of the predecessor to Conn. Gen. Stat. 47-27, and were that the sole issue, the defendant would be entitled to summary judgment.
The predecessor, Ch. 1 (1905 Rev.) using nearly identical language, also uses the phrase "shall . . . continue any right in or to such land." The meaning of the phrase "continue any right" is somewhat less clear in this context. Was this meant to halt the accrual of any right and prevent its future vesting, or was it meant to actually divest the rights, if any, that may already have vested as a result of occupancy or use? If the latter were the case, the statute would most certainly affect substantive rights so that the issue of prospective application versus retroactive application must be decided.
Our law now codifies the principle that no law "which imposes any new obligation on any person or corporation shall be construed to have a retrospective effect." Conn. Gen. Stat. 55-3. Prior to codification, this principle regarding substantive versus procedural legislative changes had long been the law of the State CT Page 6624-T of Connecticut. See, e.g., Hubbard v. New York, New Haven and Hartford Railroad Co., 70 Conn. 563, 5675 (1898); Rowen v. New York, New Haven Hartford Railroad Co., 59 Conn. 364,367 (1890).
"One of the firmly established canons for the interpretation of statutes declares that all laws are to commence in the future and operate prospectively, and are to be considered as furnishing a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. The rule is one of such obvious convenience and justice as to call for jealous care on the part of the court to protect and preserve it. Retroaction should never be allowed to a statute unless it is required by express command of the legislature or by an unavoidable implication arising from the necessity of adopting such a construction in order to give full effect to all its provisions." Smith v. Lyon,44 Conn. 175, 178 (1876). There is nothing in the statute which exhibits the plain will of the legislature to make it retroactive, nor is there necessity for so construing it. The material issue of fact necessary to be tried is whether an easement belonging to the plaintiff or his predecessors in title existed and was vested prior CT Page 6624-U to the effective date of Chapter 1, Conn. Public Acts (1905 Rev.).
Accordingly, the motion for summary judgment is denied.
Pittman, J.